## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **GRACE BUSINESS, INC., d/b/a La Casa, LAILA TEJANI, and NADIR TEJANI,** | |
| **Plaintiffs,** | |
| **v.** | **1:15-cv-2781-WSD** |
| **UNITED STATES,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant United States' ("Defendant")
Motion for Dismissal of or alternatively for Summary Judgment on Claims of
Nadir Tejani [17] ("Motion to Dismiss").

## I.   BACKGROUND

### A.   Facts

Plaintiff Nadir Tejani ("Mr. Tejani") is the owner of Supreme Business, Inc.
(Compl. ¶ 7).  Doing business as Casablanca Food Mart (the "Store"), Supreme
Business, Inc. engaged in the retail sale of food products.  (Id. ¶¶ 7, 14; [17.3],
Attach. 1).  In 2007, the Store applied to participate in the Supplemental Nutrition
Assistance Program ("SNAP"), which allows approved stores to accept SNAP

benefits ("Food Stamps") as payment for food.  ([17.3], Attach. 1).  Mr. Tejani

signed the application, certifying that he "accept[ed] responsibility on behalf of the

firm for violations of the Food Stamp Program regulations."  ([17.3], Attach. 1,

at 7).  The application was approved and the Store began participating in SNAP.

     In a letter dated August 12, 2013, the Food and Nutrition Service ("FNS")

notified Mr. Tejani that it was charging his "firm" with violating certain SNAP

regulations.  ([17.3], Attach. 2).  Mr. Tejani contested the charges.  (Id., Attach. 3).

On August 29, 2013, the FNS found, after reviewing Mr. Tejani's arguments, that

"the violations cited in our charge letter occurred at [Mr. Tejani's] firm."  ([17.3],

Attach. 4).  The FNS told Mr. Tejani that his "firm" was permanently disqualified

from SNAP participation.  (Id.).  The FNS also advised Mr. Tejani that he could

seek administrative review of the disqualification decision.  (Id.).

     On September 5, 2013, Mr. Tejani requested review.  ([17.3], Attach. 5).  On

February 21, 2014, the FNS issued its Final Agency Decision (the "2014

Decision") affirming the decision to permanently disqualify Mr. Tejani's Store.

([17.3], Attach. 6).  The letter also provided notice of the right to seek judicial

review within thirty (30) days of receipt of the 2014 Decision.  (Id.).  Mr. Tejani

received the 2014 Decision on February 26, 2014.  ([17.3], Attach. 7).  Neither he,

nor his Store, sought judicial review within thirty (30) days.

Plaintiff Laila Tejani ("Mrs. Tejani") is Mr. Tejani's wife.  (Compl. ¶¶ 6-7).
She owns Grace Business, Inc., which, under the name of La Casa, engages in the
retail sale of food products.  (Id. ¶¶ 5-6).  On February 1, 2015, La Casa applied to
participate in SNAP.  ([17.3], Attach. 8).  On April 29, 2015, the application was
denied, including because "Laila S. Tejani, owner of La Casa, is the wife of
previously permanently disqualified owner, Nadir Tejani."  ([17.3], Attach. 11).
La Casa was barred from participating in SNAP for three (3) years.  (Id.).

On May 7, 2015, Mrs. Tejani requested administrative review of the
decision, noting that her "Husband Nadir Tejani was disqualified for [SNAP]
retailer benefits."  ([17.3], Attach. 12).  On July 9, 2015, the FNS issued its Final
Agency Decision ("2015 Decision") affirming the decision to prohibit La Casa
from participating in SNAP for three (3) years.  ([17.3], Attach. 13).  The FNS
based its decision on the 2014 permanent disqualification of Casablanca Food Mart
and Mr. Tejani.  (Id.; Compl. ¶ 11).  The FNS found that La Casa had the same
address as Casablanca Food Mart, and that La Casa was "attempt[ing] to
circumvent a previous SNAP disqualification imposed on Casablanca Food Mart."
([17.3], Attach. 13).

Mr. Tejani alleges that, until La Casa was disqualified from SNAP, he did
not know that he personally was disqualified.  Mr. Tejani admits that the 2014

3

Decision disqualified his Store, but alleges that "[t]he 2014 Decision did not state, and Nadir Tejani did not understand or believe, that the 2014 Decision imposed on him a permanent disqualification."  (Compl. ¶ 15).

     B.    <u>Procedural History</u>

On August 6, 2015, Plaintiffs filed their Complaint [1], alleging unspecified "Constitutional" violations and asking the Court to "set aside" the 2014 and 2015 Decisions.  (Compl. ¶¶ 17-18).  On November 6, 2015, the parties filed their Joint Preliminary Report and Discovery Plan [14].  In it, Defendant states that "[t]he doctrine of sovereign immunity may deprive this court of jurisdiction over plaintiff Nadir Tejani's claim."  ([14] at 14).  On November 13, 2015, the Court ordered [15] Defendant to file, on or before December 4, 2015, its motion to dismiss for lack of subject matter jurisdiction.

On December 4, 2015, Defendant filed its Motion to Dismiss, seeking dismissal of Mr. Tejani's claim for lack of subject matter jurisdiction or failure to state a claim.  The Motion to Dismiss also seeks summary judgment.  Defendant asserts that Mr. Tejani's claim is barred by sovereign immunity because he failed to seek judicial review of the 2014 Decision within the thirty (30) day period required by 7 U.S.C. § 2023 ("Section 2023").  Defendant argues, in the alternative, that Mr. Tejani's claim should be dismissed because it is time-barred.

On December 18, 2015, Plaintiffs filed their Response to Motion for Dismissal of or alternatively for Summary Judgment on Claims of Nadir Tejani [18] ("Response").[1]  In it, Mr. Tejani appears to state that he does not seek judicial review, under Section 2023, of the 2014 Decision.  Instead, he argues that his Complaint asserts constitutional claims over which the Court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2) ("Tucker Act").  Mr. Tejani asserts that Defendant violated his procedural due process rights by failing to give him notice of, or opportunity to challenge, his permanent disqualification.  (Response at 7-10).[2]  He also asserts that, to the extent it operated to permanently disqualify him, 7 U.S.C. § 2021(e) is an unconstitutional bill of attainder.[3]

---

[1]     Although the Complaint and Response were filed in behalf of all Plaintiffs, in the interests of readability, this Order uses language implying that both documents were filed by Mr. Tejani individually.

[2]     The Fifth Amendment Due Process Clause provides that "No person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. Const., Amdt. 5.

[3]     The Bill of Attainder Clause provides that "No Bill of Attainder or ex post facto Law shall be passed."  U.S. Const. art. I, § 9, cl. 3.  7 U.S.C. § 2021(e)(1) provides:  "In the event any retail food store or wholesale food concern that has been disqualified . . . is sold or the ownership thereof is otherwise transferred . . . . [t]he disqualification period imposed . . . shall continue in effect as to the person or persons who sell or otherwise transfer ownership of the retail food store or wholesale food concern."

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  They possess only that power authorized by the Constitution and conferred by Congress.  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" or "factual" attack.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction on the basis of the allegations in a complaint, and the district court takes the allegations as true in deciding whether to grant the motion.  Id.

Factual attacks challenge subject matter jurisdiction in fact.  Id.  When resolving a factual attack, the court may consider extrinsic evidence, such as testimony and affidavits.  Id.  In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not apply. Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).  "[T]he trial court is

6

free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . . [T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff has the burden to prove that jurisdiction exists. Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir. 2006).

### 2. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). The Court is not required to accept as true conclusory allegations or legal conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544

7

(2007)); see Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks omitted))).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

8

3.   <u>Motion for Summary Judgment</u>

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56.  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999).  The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings."  <u>Id.</u>

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).  Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment.  <u>Id.</u> "[C]redibility determinations, the weighing of evidence, and the drawing of

9

inferences from the facts are the function of the jury . . . ." <u>Graham</u>, 193 F.3d at 1282.

"If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." <u>Herzog</u>, 193 F.3d at 1246.  The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" <u>Scott</u>, 550 U.S. at 380 (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986)).  A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." <u>Miller v. Kenworth of Dothan, Inc.</u>, 277 F.3d 1269, 1275 (11th Cir. 2002) (quotations omitted).

B.    <u>Analysis</u>

Plaintiffs' Complaint appears to assert claims under Section 2023 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 <u>et seq.</u>  (Compl. ¶ 2).  In his Response, Mr. Tejani also argues that his Complaint asserts constitutional claims over which the Court has subject matter jurisdiction under the Tucker Act. The Court finds that Mr. Tejani's Section 2023 claim is time-barred, his APA

claim is not viable, and his constitutional claims must be dismissed for lack of subject matter jurisdiction.

      1.    <u>Subject Matter Jurisdiction over Mr. Tejani's Section 2023 Claim</u>

7 U.S.C. § 2021 permits the FNS, under certain circumstances, to disqualify retail food stores from SNAP.  Under Section 2023, parties may seek judicial review of their disqualification "by filing a complaint against the United States . . . , within thirty days after the date of delivery or service of the final [FNS decision], requesting the court to set aside such [decision]."  7 U.S.C. § 2023(a)(13).  "The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue."  7 U.S.C. § 2023(a)(15).  "If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence."  7 U.S.C. § 2023(a)(16).

In his Response, Mr. Tejani appears to state that he does not seek, under Section 2023, judicial review of the 2014 Decision.  In his Complaint, however, he states that "[t]his case is . . . an appeal of an agency decision issued by [FNS] . . . on February 21, 2014."  (Compl. ¶ 1).  He asks the Court to "set aside" the 2014 Decision and to "[c]onduct a trial de novo in this Court to determine the validity of

the 2014 . . . Decision[].ˮ  (Id. ¶ 18).  This mirrors the language in Section 2023,

which allows a party to "request[] the court to set aside" an FNS decision after "a

trial de novo by the court in which the court shall determine the validity of the

questioned administrative action in issue."  7 U.S.C. § 2023(a)(13), (15).  Mr.

Tejani names the United States as a defendant, which is the only party against

which judicial review can be sought under Section 2023.  See 7 U.S.C.

§ 2023(a)(13).  The Complaint also cites Section 2023, among other provisions, as

a basis for the Court's subject matter jurisdiction.  (See Compl. ¶ 2).  Mr. Tejani

cannot, as he tries here, use his Response to rewrite his Complaint.  See

Jepsen v. Lornamead, Inc., No. 8:12-cv-1811, 2012 WL 5989244, at *2 (M.D. Fla.

Nov. 29, 2012) ("This Court cannot rewrite the complaint based on [plaintiff's]

allegations . . . in his response to the motion to dismiss.").

Defendant argues that the Court lacks subject matter jurisdiction over Mr.

Tejani's claim because he failed to seek judicial review of the 2014 Decision

within the thirty (30) day period required by Section 2023.  Whether a statute's

limitations period affects a court's adjudicatory authority depends on whether the

limitations period is jurisdictional or non-jurisdictional.  When a limitations period

is jurisdictional, "a litigant's failure to comply with the bar deprives a court of all

authority to hear a case."  United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1631

(2015).  When a limitations period is non-jurisdictional, the period is treated as a "claims-processing rule" that may be equitably tolled by the court.  Id. at 1638.

Statutory time bars are presumptively non-jurisdictional, even in suits brought against the United States under a statute waiving sovereign immunity.  Id. at 1631.  "[T]he Government must clear a high bar to establish that a statute of limitations is jurisdictional."  Id. at 1632.  "[M]ost time bars are nonjurisdictional" and "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it."  Id.  "[T]ime bars . . . cabin a court's power only if Congress has 'clearly stated' as much."  Id. (quoting Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013)).

Defendant argues that the time bar in Section 2023 is jurisdictional because the 30-day deadline and the waiver of sovereign immunity are both housed in the same provision.  (Motion to Dismiss at 12-13).  This argument is unavailing. "[A]lthough the Supreme Court in *Kwai Fun Wong* explained that "Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional,' the Court did not hold that the converse is true."  Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv., 2016 WL 2620301, at *6 (S.D. Cal. May 4, 2016).  Indeed, the Supreme Court has rejected the

13

argument that a filing requirement's close proximity to a jurisdictional provision necessarily imbues the filing requirement with jurisdictional consequences.  See, e.g., Sebelius v. Auburn Reg'l Med. Cts., 133 S.Ct. 817, 825 (2013) ("A requirement we would otherwise classify as nonjurisdictional . . . does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions."); Gonzalez v. Thaler, 132 S.Ct. 641, 651 (2012) ("Mere proximity will not turn a rule that speaks in nonjurisdictional terms into a jurisdictional hurdle.").

Section 2023 states that, absent a claim for judicial review, an FNS decision "shall be final and . . . shall take effect within thirty days."  7 U.S.C. 2023(a)(5). Defendant argues that this shows the time bar is jurisdictional.  (Motion to Dismiss at 13).  However, a time bar "framed in mandatory terms" and "'emphatically' expressed" is not, by reason of those factors, necessarily jurisdictional.  Kwai Fun Wong, 135 S.Ct at 1632 (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 439 (2011)).  Instead, "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional." Id. at 1632.  It must speak clearly "in jurisdictional terms."  Id. at 1633 (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 515 (2006)).

Defendant also cites several district court cases from outside the Eleventh

14

Circuit.  All of them predate the Supreme Court's decision in Kwai Fun Wong.

135 S.Ct. 1625.  The only relevant case decided after Kwai Fun Wong held that the

time bar in Section 2023 is not jurisdictional and can be equitably tolled.  See

Quick Korner Mkt., 2016 WL 2620301.[4]

Defendant has not shown that Congress clearly intended the time bar in

Section 2023 to be "the rare statute of limitations that can deprive a court of

jurisdiction."  Kwai Fun Wong.  135 S.Ct. at 1632.  Section 2023 "refers to federal

district courts as a matter of venue, and to 30 days as a matter of timeliness, but it

does not 'speak in jurisdictional terms'—that is, it does not condition the district

court's jurisdiction on a store meeting the 30–day filing deadline, nor order district

courts to dismiss any untimely claims."  Quick Korner Mkt., 2016 WL 2620301, at

*6 (citing Kwai Fun Wong.  135 S.Ct. at 1632).  The Court has subject matter

jurisdiction over Mr. Tejani's Section 2023 claim.

       2.      Equitable Tolling of Mr. Tejani's Section 2023 Claim

Defendant argues that, if Section 2023 is non-jurisdictional, Mr. Tejani's

claim should be dismissed because it is time-barred.  (Motion to Dismiss at 14-20).

---

[4]     Although the Supreme Court previously "attached jurisdictional consequence to conditions on waivers of sovereign immunity," it now "makes no difference that a time bar conditions a waiver of sovereign immunity."  Kwai Fun Wong.  135 S.Ct. at 1637-38.  Many cases cited by Defendant do not reflect this legal development.

Section 2023 requires claims to be brought "within thirty days after the date of delivery or service of the final [FNS decision]." 7 U.S.C. § 2023(a)(13). The 2014 Decision was issued on February 21, 2014, and Mr. Tejani received it on February 26, 2014. (Compl. ¶ 1; [17.3], Attach. 7).[5] He filed his Complaint on August 6, 2015, more than seventeen (17) months later. Mr. Tejani's claim is time-barred, unless the statute of limitations was equitably tolled.

Equitable tolling is appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). "The plaintiff bears the burden of showing that such extraordinary circumstances exist." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). Because equitable tolling is "reserved for extraordinary facts," Cabello v. Fernandez–Larios, 402 F.3d 1148, 1153 (11th Cir. 2005), it "should be extended only sparingly," Harris v. United States, 627 F. App'x 877, 880 (11th Cir.

---

[5]    "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). The date on which Mr. Tejani received the 2014 Decision is central to his Section 2023 claim. Defendant attaches a delivery confirmation of the 2014 Decision, and Mr. Tejani does not dispute its authenticity. Mr. Tejani does not allege that he received the 2014 Decision within thirty days of filing his Complaint.

2015) (quoting <u>Arce</u>, 434 F.3d at 1261 (internal quotation marks omitted)), <u>cert. denied,</u> No. 15-1120, 2016 WL 880758 (U.S. May 2, 2016).

Mr. Tejani implies that he did not appeal the 2014 Decision within thirty (30) days because he did not realize it applied to him personally.  (<u>See, e.g.,</u> Compl. ¶¶ 10-15).  He stresses that the 2014 Decision referred only to his Store and that "Defendant first alleged that Mr. Tejani was permanently disqualified from participation in [SNAP] in its denial of the application for Grace Business, Inc. on April 29, 2015."  (Response at 5; <u>see also</u> Compl. ¶ 13).  Even accepting this as true, and assuming that it warrants equitable tolling, Mr. Tejani's claim is not timely.  He acknowledges that, on April 29, 2015, Defendant made clear that Mr. Tejani was disqualified.  His wife received this notice no later than May 7, 2015, when she requested administrative review of the April 29, 2015 decision. ([See 17.3], Attach. 13).[6]  By then, any equitable tolling ceased.  Mr. Tejani filed his Complaint on August 6, 2015, about three (3) months later.  Mr. Tejani's Section 2023 claim is time-barred.

---

[6]    Courts may consider "letter decisions of governmental agencies" without converting a motion to dismiss into a motion for summary judgment. <u>Armengau v. Cline</u>, 7 F. App'x 336, 344 (6th Cir. 2001).

3.    Judicial Review under the Administrative Procedures Act

"The APA does not create an independent grant of jurisdiction to bring suit." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 152 n.13 (5th Cir. 1998). Instead, it "serves as the waiver of sovereign immunity that allows a private party to sue the government." Id.  If it "creates a cause of action for [plaintiff's] claim, jurisdiction exists under the general federal question statute, not the APA." Id.; see Media Gen. Operations Inc. v. Herman, 152 F. Supp. 2d 1368, 1371 (S.D. Ga. 2001) ("The APA . . . waives the government's sovereign immunity, 5 U.S.C. § 702, and provides subject matter jurisdiction in conjunction with 28 U.S.C. § 1331 over 'final agency action,' 5 U.S.C. § 704.").

With exceptions not applicable here, the APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  "[W]here the Congress has provided special and adequate review procedures," the APA "does not provide additional judicial remedies." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988) (quoting Attorney General's Manual on the Administrative Procedure Act 101 (1947) (internal quotation marks omitted)); see id. ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."); Quick Korner Mkt.,

18

2016 WL 2620301, at *8 ("[R]eview under the APA can be invoked only where there is lack of an alternative adequate remedy elsewhere.").

"[T]he judicial review procedure provided in 7 U.S.C. § 2023 is an adequate alternative remedy that precludes APA review" of an FNS disqualification decision.  Quick Korner Mkt., 2016 WL 2620301, at *9; see Muttitt v. U.S. Cent. Command, 813 F. Supp. 2d 221, 226–27 (D.C. Cir. 2011) ("Where a statute affords an opportunity for *de novo* district-court review of the agency action, APA review is precluded since Congress did not intend to permit a litigant challenging an administrative denial to utilize simultaneously both the statute's review provision and the APA." (quoting El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health and Human Servs., 396 F.3d 1265, 1270 (D.C. Cir. 2005) (internal quotation marks omitted))).  Mr. Tejani thus does not assert a viable APA claim.

### 4.    Mr. Tejani's Constitutional Claims under the Tucker Act

Mr. Tejani, in his Response, argues that his Complaint asserts constitutional claims over which the Court has subject matter jurisdiction under the Tucker Act. Mr. Tejani claims that Defendant violated his procedural due process rights by failing to give him notice of, or opportunity to challenge, his permanent disqualification.  (Response at 7-10).  He also asserts that, to the extent it operated

19

to permanently disqualify him from SNAP participation, Section 2021(e) is an unconstitutional bill of attainder.  (Response at 10-15).  Mr. Tejani argues that, under the Tucker Act, the Court has jurisdiction over these claims. [7]

Under the Tucker Act, district courts have "original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon the Constitution."  28 U.S.C. § 1346(a)(2).  "The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief" unless "tied and subordinate to a money judgment." Lee v. Thornton, 420 U.S. 139, 140 (1975) (per curiam); Reilly v. United States, 93 Fed. Cl. 643, 650 (2010) (quoting James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (internal quotation marks omitted)); see Richardson v. Morris, 409 U.S. 464, 465 (1973) (per curiam) ("[T]he [Tucker] Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States."  (citing United States v. Jones, 131 U.S. 1, 9 (1889))).

---

[7]     Mr. Tejani's Complaint does not cite the Tucker Act, including in its paragraph on subject matter jurisdiction.  (See Compl. ¶ 2).  The Complaint also does not state expressly that Defendant violated Mr. Tejani's due process rights or that any part of the SNAP legislation is an unconstitutional bill of attainder.  The Court assumes these constitutional claims are reflected in the Complaint, for the purposes of determining the Court's subject matter jurisdiction.

"The reason for the distinction flows from the fact that the Court of Claims has no power to grant equitable relief, and the jurisdiction of the district courts under the Act was expressly made 'concurrent with the Court of Claims.'" Richardson, 409 U.S. at 465-66 (citations omitted); see id. at 466 ("The Tucker Act did no more than authorize the District Court to sit as a court of claims and the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims." (quoting United States v. Sherwood, 312 U.S. 584, 591 (1941))).

"In order for this Court to have [Tucker Act] jurisdiction over constitutional claims, the claims must be money mandating." Treece v. United States, 96 Fed. Cl. 226, 231 (2010) (quoting Tasby v. United States, 91 Fed. Cl. 344, 346 (2010)). Due process claims, under the Fifth Amendment, are not money mandating. James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998) ("it is well established that the Court of Federal Claims lacks jurisdiction over" alleged violations of the Due Process Clause because the clause is not a "money-mandating provision"); Noel v. United States, 16 Cl. Ct. 166, 169 (1989) ("The due process clause . . . does not create a cause of action for money damages against the United States. Accordingly, this court lacks jurisdiction to grant relief to claims based on the constitutional guarantee of due process.").

Bill of attainder claims also are not money mandating.  See Treece, 96 Fed. Cl. at 231 (dismissing plaintiff's bill of attainder claim for lack of jurisdiction under the Tucker Act); Fry v. United States, 72 Fed. Cl. 500, 507 (2006) (the Bill of Attainder Clause "contains no language directly related to a pecuniary interest").

Mr. Tejani states that he does not seek money damages.  (Response at 7). He seeks only "a declaration of [his] rights and relief from violation of his Constitutional rights."  (Id.).  The Court lacks subject matter jurisdiction, under the Tucker Act, over Mr. Tejani's constitutional claims.  Because Mr. Tejani has not alleged a basis for this Court's subject matter jurisdiction, his constitutional claims must be dismissed.[8]

---

[8]     Mr. Tejani does not purport to bring his constitutional claims under 42 U.S.C. § 1983.  Even if he did, the Court would lack subject matter jurisdiction to consider them because "[b]y its plain language the statute does not authorize redress against the United States."  Davis v. United States, 439 F.2d 1118, 1119 (8th Cir. 1971); see Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) ("[S]ection 1983 does not contain an express waiver of sovereign immunity and thus does not provide a cause of action against the United States."); Brown v. United States, No. 508-cv-118, 2009 WL 2044684, at *4 (M.D. Fla. July 10, 2009) (same), aff'd, 439 F. App'x 772 (11th Cir. 2011); see also Gonzalez v. United States, 675 F. Supp. 2d 260, 265 (D.R.I. 2009) (holding that a due process challenge to a SNAP disqualification cannot be brought, under Section 1983, against the United States).

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant United States' Motion for

Dismissal of or alternatively for Summary Judgment on Claims of Nadir Tejani

[17] is **GRANTED**.  Plaintiff Nadir Tejani's claims, under 7 U.S.C. § 2023 and

5 U.S.C. § 701 <u>et seq.</u>, are **DISMISSED**.  His constitutional claims, asserted under

28 U.S.C. § 1346(a)(2), are **DISMISSED** for lack of subject matter jurisdiction.


**SO ORDERED** this 27th day of May, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE